E. A. MAULTSBY, Receiver for NELLIE BRIGHT, v. C. O. GORE.

(Filed 2 April, 1919.)

**Claim and Delivery—Evidence—Agreement—Trials.**

Testimony that a receiver appointed by the court saw the defendant, who had the possession of certain personalty claimed by the receiver, and

had him surrender it to him, and then agreed to rent it from him pending the adjudication of the court as to its ownership, but thereafter, upon demand, refused to give up the property accordingly, is sufficient to sustain judgment upon a verdict in the receiver's favor.

APPEAL by plaintiff from *Devin, J.,* at the November Term, 1917, of COLUMBUS.

This is an action brought by the plaintiff as receiver to recover possession of a mule, a buggy, and harness.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Donald MacRackan and S. Brown Shepherd attorneys for plaintiff.*
*Irvin B. Tucker attorney for defendant.*

ALLEN, J. The plaintiff testified as follows:

"I know the property described in the complaint filed in this action. The property consists of one grey mule, one top buggy, and one harness. I was appointed receiver in the case of *Nellie Bright v. T. L. Bright.* I went out to see Mr. C. O. Gore. His son claimed the property. He said the property was his and did not much want to give it up. They said they wanted to see their attorney. I told them all right; if they would agree to bring me the property next morning I would leave the property with them, and they said all right.

"I left their place, and when I had gone about one mile Mr. Gore and his son overtook me. They said they had decided to give me up the property, and I took the property and brought it to Whiteville and kept it all night.

"The next day there was a hearing in the case of *Nellie Bright v. T. L. Bright* before Judge Bond, and the case was continued, and I released the mule to C. O. Gore. Alton Gore claimed the mule.

"I rented the mule to C. O. Gore, the defendant, in the presence of Joe Byrd, and the understanding was he would keep the mule and pay me a nominal price for the use of the mule, not exceeding $3, provided Judge Bond ordered the mule to be returned back to Mrs. Nellie Bright, and they agreed to this. When Judge Bond ordered me to turn the property over to Mrs. Nellie Bright I went to Mr. C. O. Gore, to whom I rented the mule, and told him what the order of the court was, and he said he would have to see his lawyer, and when he came back and told me he would not give up the mule the matter went on for several days, and I did not take any other steps, and finally I did take claim and delivery."

This evidence shows that the plaintiff was appointed receiver in the case of *Nellie Bright v. T. L. Bright;* that as receiver he made demand

upon the defendant for the possession of the property in controversy; that the defendant and his son surrendered the possession of the property to the plaintiff; that the plaintiff then rented the property to the defendant for a nominal rent upon his agreement to abide by the order of the court in the action in which the plaintiff was appointed receiver as to the disposition of the property; that the court ordered the property to be delivered over to Mrs. Nellie Bright, and that upon demand the defendant refused to surrender the property as he had agreed to do, and this, in our opinion, is ample evidence, if believed by the jury, to entitle the plaintiff to recover possession of the property.

There is error in the judgment of nonsuit.

Reversed.